## ELIZA CIVILLE, Plff.,

*v.*

## BENITO ZALDUONDO, Dft.

---

San Juan, Law, No. 1368.

#### DOMICIL.

Domicil—Quære as to Allegation.

    1. The question of domicil not being raised by the parties, quære as to whether domicil, being jurisdictional, should not be stated.

Negligence—Facts.

    2. The mere use of the word "negligent" is insufficient; facts must be stated which show negligence.

Opinion filed September 4, 1920.

*Mr. O. M. Wood* for the plaintiff.

*Mr. Francis* for the defendant.

HAMILTON, Judge, delivered the following opinion:

1. The demurrer sets up that the court has no jurisdiction because there is not the requisite diversity of citizenship. The two parties seem to be foreigners, of different countries, and the allegation of citizenship is sufficient. The point whether domicil is sufficiently alleged is not raised. Without passing upon that point, it would be undoubtedly better if the allegation could be made that one or the other party is not domiciled in Porto Rico. Residence is not the same as domicil, and it may well be, that, as the jurisdiction of this court is based upon nondomicil, nondomicil should be alleged in the complaint.

2. The demurrer further sets up that there is no sufficient allegation of facts showing negligence. This would seem to be true. The suit might be good if the injury had been intentionally committed. This, however, is not the theory of the complaint, for the disability is said at the end to have been through the negligence of the defendant. It would seem that the allegation of negligence or of trespass should be made more definite, and to this extent the demurrer is sustained.

It is so ordered.